IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LAURA B. MOISE AND GREG MOISE, <br><br> Plaintiffs, <br><br> vs. <br><br> ALLIEDBARTON SECURITY SERVICES, LLC; COLUMBIANA CENTRE, LLC; AND GENERAL GROWTH PROPERTIES, INC., <br><br> Defendants. | Case No.  3:12-cv-02022-MBS <br><br><br> **ORDER AND OPINION** |

This matter is before the court on a Second Motion for Summary pursuant to Fed. R. Civ. P. 56 filed by Defendant AlliedBarton Security Services, LLC ("AlliedBarton") on December 22, 2015. ECF No. 153. Defendants Columbiana Centre, LLC and General Growth Properties, Inc. ("GGP") (together "Mall Defendants") also filed a Second Motion for Summary Judgment Summary pursuant to Fed. R. Civ. P. 56 on December 23, 2015. ECF No. 154. Plaintiffs Laura B. Moise and Greg Moise ("Plaintiffs") filed responses in opposition to each motion on January 7, 2016.  ECF Nos. 157-158. AlliedBarton filed a reply to Plaintiffs' response on January 15, 2016. ECF No. 159. Mall Defendants filed a reply to Plaintiffs' response on January 19, 2016. ECF No. 160.

## I.  FACTS

Plaintiffs bring this action seeking to hold AlliedBarton and Mall Defendants (collectively "Defendants") jointly and severally liable for damages related to the assault of Plaintiff Laura Moise in the corridor outside of the ladies' restroom at the Columbiana Centre shopping mall on August 17, 2011. In April 2015, AlliedBarton (ECF No. 91) and Mall Defendants (ECF No. 92)

moved for summary judgment arguing that Plaintiffs presented no genuine dispute of material fact because Plaintiff could not prove the existence of a duty or a breach thereof with regard to the criminal act of a third-party against Plaintiff Laura Moise. On June 18, 2015, this court held a hearing on the motions for summary judgment. ECF No. 114. The court found that there was a dispute of material fact as to whether Defendants had breached their duty to Plaintiffs, and that Defendants were not entitled to judgment as a matter of law. *Id.* As a result, the court denied Defendants' respective motions for summary judgment. *Id.*

Subsequently, Mall Defendants filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) on July 16, 2015. ECF No. 116. AlliedBarton also filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) on July 16, 2015. ECF No. 117. Plaintiffs filed a response in opposition on August 3, 2015. ECF No. 123. On August 26, 2015, the court issued an opinion and order denying both Motions to Alter or Amend Judgment. ECF No. 125.

The case proceeded towards trial and on September 15, 2015, the court held a hearing to rule on Motions in Limine. ECF No. 139. A week later, on September 22, 2015, the court granted Mall Defendants' emergency motion to continue, pushing the case beyond the September 2015 term of the court. ECF No. 142. On November 11, 2015, Defendants conducted an additional deposition of Plaintiffs' expert witness, Jeff Gross. During a December 15, 2015, teleconference with the court to discuss trial scheduling, Defendants requested leave to file Second Motions for Summary Judgment based upon changes in Mr. Gross's expert report as a result of his November 11, 2015, deposition. The court granted Defendants leave to file limited Motions for Summary Judgment based specifically on any changes in Mr. Gross's opinion. Defendants now bring their Second Motions for Summary Judgment.

2

## II. LEGAL STANDARDS

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49, (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

## III. ANALYSIS

### A. *Allied Barton's Duty Argument*

The court granted leave to AlliedBarton and Mall Defendants to file Second Motions for Summary Judgment solely based upon changes to Mr. Gross's report as a result of the November 11, 2015, deposition. In its Second Motion for Summary Judgment, AlliedBarton first contests that the security agreement between AlliedBarton and Mall Defendants did not impose a duty on AlliedBarton to install security cameras. This argument is not supported by any change in Mr. Gross's testimony. Instead, AlliedBarton revisits arguments that the court rejected in AlliedBarton's first Summary Judgment motion and again rejected when AlliedBarton filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). ECF Nos. 114, 125. The court stands by its holding that "by voluntarily undertaking to provide general security duties at Columbiana Centre, AlliedBarton had a duty to Plaintiffs to make sure the mall was reasonably secured." ECF No. 125 at 8.

### B. Foreseeability of the Attack

Defendants assert that because of changes in Mr. Gross's opinions, Plaintiffs fail to satisfy the balancing test set forth in *Bass v. Gopal*, 716 S.E.2d 910 (S.C. 2011). As previously detailed in the court's Opinion and Order Denying Defendants' Motions to Alter or Amend Judgment:

> In *Bass*, the South Carolina Supreme Court adopted a balancing test to determine whether a business owner has a duty to protect its invitees from the criminal acts of third parties. Under *Bass*, courts must determine 1) if the crime was foreseeable, and 2) given the foreseeability of the crime, the economically feasible security measures required to prevent such harm. The presence or absence of prior criminal incidents is a significant factor in determining the amount of security required by a business owner. *Bass*, 716 S.E.2d at 915. A determination of the reasonableness of a business owner's security measures will generally be identified by an expert. *Id.* at 917.

ECF No. 125 at 9. More specifically, Defendants assert that because Mr. Gross did not evaluate the past criminal incidents and did not rely upon this evidence in forming his opinion, the data provided related to the foreseeability of the attack are unverified and unreliable.

Defendants' argument confuses the issue, as the *Bass* balancing test simply weighs prior criminal incidents as a determining factor, not an expert's individual analysis of these incidents. Accordingly, after review of the complete evidence, the court stands by its findings on foreseeability, which highlighted that the prior incidents in the area include over a dozen assault calls and two strong arm robbery reports at the mall premises. Additionally, nothing in Mr. Gross's testimony alters or changes his prior opinion that the secluded location of the attack with "immediate egress to the outside of a building provide a perpetrator with an ideal environment in which to commit a crime." ECF No. 96-0 at 3 ¶ 12. Accordingly, Plaintiffs' evidence, supported by the opinions and the testimony of Mr. Gross, satisfies the first prong of the balancing test set forth in *Gopal*.

*C.  Prevention of the Attack and Economically Feasible Measures*

Next, Defendants contend that because Plaintiffs' expert corrected a typographical error in his expert report to declare that installing security cameras "could have" instead of "would have" prevented the attack, Plaintiffs fail to meet the "'prevention' prong" of the *Bass* balancing test. The court disagrees.

While this court's previous Opinion and Order emphasized that Plaintiffs' "expert did conclude that the presence of a camera <u>would</u> have prevented the crime," the changing of "<u>would</u>" to "<u>could</u>" does not affect the court's evaluation of Mr. Gross's opinion. In evaluating the reasonableness of the security measures, the court noted that Plaintiffs' expert reviewed the mall's history of violent crime, in addition to documents and literature on risk analysis and crime prevention.  ECF No. 125 at 11. The court also referenced Mr. Gross's visit to the mall where he "inspected the restroom and restroom corridor where the crime took place." *Id.* Therefore, when Mr. Gross declares in the November 11, 2015, deposition that a monitored security camera in that hallway "would have been preferable," and that it is "more likely that [the attack] would not have occurred" if Defendants had installed a surveillance system, the court's initial holding is reinforced.

Defendants' interpretation misconstrues the test established in *Bass* and detailed in *Lord v. D&J Enterprises, Inc.*, 757 S.E.2d 695 (S.C. 2014). In *Lord*, in deciding that a security dispute presented a question of fact for the jury, the court applied the *Bass* balancing test and found persuasive an expert's testimony stating that a security guard placed at the entrance of the business *would* have prevented the crime. Specifically the *Lord* expert said, "[t]he armed robbery

attempt during which Ida Lord was shot *most probably would not have occurred* if D&J had

posted a security guard at the entrance of its check cashing location...." *Lord*, 757 S.E.2d at 701.

> Here, Mr. Gross changed his report to say:
>
> 14. Had this area been equipped with proper closed-circuit television coverage that was clearly discernible by a potential perpetrator, it is *more likely that it would not have occurred*.

ECF No. 154 at 4 (citing J. Gross Dep. 39:5-18).  The difference between the *Lord* expert

opining "*most probably would not have occurred*" and Mr. Gross opining "*more likely that it

would not have occurred*" is a semantic distinction insufficient to discredit Mr. Gross's opinions.

*See Lord*, 757 S.E.2d at 701(emphasis added); ECF No. 154 at 4 (citing J. Gross Dep. 39:5-18).

Furthermore, neither *Bass* nor *Lord* mandates a plaintiff present formulaic expert testimony to

explicitly declare that "X measure would have prevented Y occurrence." Instead, the cases

suggest that courts, when evaluating a property owner's duty, should look at expert testimony to

gauge the foreseeability of the incident and economic reasonableness of security measures to

prevent the harm at issue.

Additionally, in the November 11, 2015, deposition, Mr. Gross testified that the

maximum costs of the camera would be $2,000 with a nominal amount required to maintain the

equipment. *See* J. Gross Dep. 47:10-16; 48:20-22. In fact, with this expert testimony, in addition

to the details Mr. Gross provided about the deterrence effects of security systems, Plaintiffs'

expert provides more evidence now to meet the *Bass* standard of economic feasibility[1] than when

the court initially considered the issue.[2] In light of Mr. Gross's deposition testimony and the

---

[1] In *Bass*, the court noted that "[t]he optimal point at which a dollar spent equals a dollar's worth of prevention will not always be apparent, but may be roughly ascertained with the aid of an expert, or some other testimony." 716 S.E.2d at 915.
[2] In its present analysis, the court is also considering the financial data previously presented before the court.

findings of the *Lord* court upon similar expert testimony regarding the prevention, Plaintiffs meet both phases of the second prong of the *Bass* balancing test. In sum, the court finds that Plaintiffs satisfy the South Carolina Supreme Court's two-prong *Bass* balancing test. In view of this, the court must decline to grant summary judgment in favor of the Defendants as a question of material fact about Defendants' breach of duty remains present for a jury to decide at trial.

## IV. CONCLUSION

For the reasons stated herein, the Second Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 filed by Defendant AlliedBarton Security Services, ECF No. 153, is **DENIED**. The Second Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 filed by Defendants Columbiana Centre, LLC and General Growth Properties, Inc., ECF No. 154, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

Dated:   January 26, 2016